UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION
TRUST FUND, and
SCOTT REDMAN,

Case No. 15-cv-185-PP

Plaintiffs,

v.

SUHR TILE CO., LLC,

Defendant.

**ORDER GRANTING DEFAULT JUDGMENT AND INJUNCTIVE RELIEF**

The plaintiffs filed their complaint on February 18, 2015, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 *et seq.* Plaintiff Building Trades United Pension Trust Fund ("Fund") is an employee benefit plan under ERISA, and plaintiff Redman is a trustee and fiduciary of the fund, as well as a participant beneficiary. Dkt. No. 1. The defendant is an employer which agreed to abide by collective bargaining agreements which required payments into the plaintiff Fund for each employee. Id. The complaint alleged that the defendant failed to make contribution payments as required by the labor and trust agreements, refused to allow the fund auditor access to its accounts to determine compliance, and failed to report the work status of its employees. Id. As a consequence, the plaintiffs sought judgment for the unpaid contributions, interest and damages owed for September 1 through the date of the complaint; damages for contributions,

1

interest and damages from the date of the complaint through the date of judgment; and actual attorneys' fees and costs. In addition, the plaintiffs asked the court to order the defendant to submit to an audit for the period of September 1, 2012 through the present, and to serve the plaintiffs' counsel with certain information about its receivables. Id.

The summons was executed on February 27, 2015. Dkt. No. 4. The answer was due March 20, 2015; the defendant did not answer the complaint. On May 5, 2015, the plaintiffs asked the clerk of court to enter default, Dkt. No. 7; the clerk did so on May 6, 2015.

On March 5, 2015, the plaintiffs also filed a motion for entry of injunctive relief—a motion for default judgment. Dkt. No. 11.

When reviewing a motion for default judgment, the court takes "the well-pleaded allegations of the complaint relating to liability . . . as true." Wisconsin Laborers Health Fund v. KCM Excavation & Landscaping, LLC, ___ F.Supp. ___, 2014 WL 1347489 at *1 (E.D. Wis. Apr. 3, 2014), quoting Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 253 (7th Cir. 1990). Allegations relating to the "amount of damages suffered," however, "ordinarily are not" taken as true. Id. A default judgment establishes liability. Id., quoting United States v. DiMucci, 879 F.2d 1488, 1497 (7th Cir. 1989).

Based on the allegations in the plaintiffs' complaint, the court finds that the defendant has violated ERISA, 29 U.S.C. §1145, by failing to pay the payments required by the collective bargaining and labor agreements on behalf of its covered employees. The court finds that the plaintiffs are entitled to the

2

relief specified in 29 U.S.C. §1132(g)(2), which includes the amount of the unpaid contributions, interest on those unpaid contributions or liquidated damages, and reasonable attorneys' fees and costs.

The plaintiffs also request injunctive relief. They ask the court to order the defendant to "fully submit to an audit of the company's books and records by the Fund's designated representative for the period September 1, 2012 to the present." Dkt. No. 1. They also ask the court to order the defendant to serve on the plaintiffs' counsel, within ten days of this order, a list of the defendant's accounts receivable, along with the amount of each receivable; the period of time during which the receivable accrued; the location of the premises where the work was performed that gave rise to the receivable; the nature of the improvement performed; and the outstanding wage and fringe benefit amounts still owed for labor on each improvement (itemized by individual and by month on each project or by improvement). Id.

Section 1132(a)(3) of ERISA allows a qualified plaintiff to obtain equitable relief. "'Equitable relief' under § 1132(a)(3) includes 'categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not necessarily compensatory damages).'" Wisconsin Laborers Health Fund, 2014 WL 1347489 at *1, quoting Health Cost Controls v. Skinner, 44 F.3d 535, 538 n.7 (7th Cir. 1995). As have other courts in this district, the court concludes that the plaintiffs' request for access to the defendant's books, and for information on receivables which would necessitate contributions for covered employees, is an appropriate request for equitable

3

relief, particularly given the fact that the defendant did not appear. See <u>id.</u>, citing <u>Illinois Conference of Teamsters & Emp'rs Welfare Fund v. Steve Gilbert Trucking</u>, 71 F.3d 1361, 1364 n.1 (7th Cir. 1995).

Accordingly, the court **ORDERS** as follows:

1. Pursuant to Fed. R. Civ. P. 55(b)(2), the court **GRANTS** the plaintiff's motion for default judgment (styled as a motion for entry of injunctive relief, Dkt. No. 11). As stated above, the court finds that a judgment of liability in favor of the plaintiffs and against the defendant is appropriate due to the defendant's failure to pay the contributions required by the bargaining and trust agreements. Because the court has made this finding of liability against the defendant, the court finds that the plaintiffs are entitled to the amount of the unpaid contributions, either interest on those unpaid contributions or liquidated damages, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2).

2. Pursuant to 289 U.S.C. §1132(a)(3), the court **ORDERS** that within **fourteen (14) days** of the date of this order, defendant Suhr Tile Co., LLC shall submit to an audit of the company's books and records by the plaintiff Fund's designated representative. The audit shall cover the period from September 1, 2012 to the present, for any and all employees of the defendant.

3. The court further **ORDERS** that within **ten (10) days** of the completion of the audit, defendant Suhr Tile Co., LLC shall submit the results of the audit to the court and to counsel for the plaintiffs. The defendant also shall submit to counsel for the plaintiff, within that same **ten (10) day** period,

4

a list of the defendant's accounts receivable, including the amount of each receivable, the period of time during which the receivable accrued, the location of the premises on which the work was performed, the nature of the improvement giving rise to the account receivable, and the amount of wages and fringe benefits still owed for the labor on each of those improvements (itemized either by individual and month of project, or by improvement).

4. The court further **ORDERS** that, after the court and the plaintiffs have received the results of this audit, the plaintiffs may submit to the court an accounting of unpaid contributions, interest (or liquidated damages), and attorneys' fees and costs, along with a proposed order of judgment, at which point the court will assess the plaintiffs' damages and enter judgment accordingly.

Dated in Milwaukee this 2nd day of June, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court Judge**

5